Mark L. Javitch* (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and those similarly situated
*Pending Pro Hac Vice Admission

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ADEAN HILL, JR., individually, and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>LAW OFFICE OF JONATHAN C FRANK & ASSOCIATES, PLLC,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 4:25-cv-939<br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

1. Plaintiff ADEAN HILL, JR., ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against LAW OFFICE OF JONATHAN C FRANK & ASSOCIATES, PLLC, to stop its illegal practice of sending illegal text messages and calls to the phones of consumers nationwide who have registered their telephone numbers on the Federal Do Not Call registry, and to obtain redress for all persons injured by their conduct.

## NATURE OF THE ACTION

2. Defendant is a law office. As a primary part of its marketing efforts, Defendant sent text messages and placed phone calls to people without checking the Federal Do Not Call Registry.

3. Defendant did not obtain consent prior to sending these text messages and phone calls, and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. The TCPA is a remedial statute that was passed to protect consumers from unwanted automated telephone calls in response to complaints about increased telemarketing. See S. Rep. 102-178, at 1, 5 (1991).

5. Congress enacted the TCPA in 1991 to restrict telemarketing equipment that could target millions of consumers en masse. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. See S. Rep. No. 102-178, at 2-3 (1991).

6. Despite such strong legislation passed almost 30 years ago, the same problem persists.

7. To illustrate the scale of the problem facing America, it is estimated that there were over 47 billion robocalls placed in 2018, and 29 billion placed in just the first half of 2019.

8. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendant's repeated telemarketing to people who have officially opted out.

9. By sending the phone calls and text messages at issue, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

10. Plaintiff therefore seeks an injunction requiring Defendant to stop its illegal telemarketing, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

11. Plaintiff ADEAN HILL, Jr. is a natural person and is a citizen of the Eastern District of Texas.

12. Defendant JONATHAN C FRANK & ASSOCIATES, PLLC is professional limited liability company doing business at 1846 E. Innovation Park Dr., Ste. 100, Oro Valley, AZ, 85755.

13. Defendant's registered agent is Registered Agents Inc., 1846 E. Innovation Park Dr., Ste. 100, Oro Valley, AZ, 85755.

**JURISDICTION AND VENUE**

14. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

15. This Court has personal specific jurisdiction over Defendant because Defendant targeted consumers with their advertisements in Texas, including to Plaintiff, who resides in this District.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct giving rise to this case, calls and texts placed to residents of Texas, substantially occurred in this District.

**COMMON FACTUAL ALLEGATIONS**

17. Defendant provides attorney representation for accidents and personal injuries.

18. To increase their sales and avoid paying for legitimate forms of advertising, Defendant called and sent texts to people who registered their phone numbers on the National Do Not Call Registry.

19. Defendant did not obtain prior express written consent from Plaintiff and the Class.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

20. Plaintiff received an unsolicited text and call from Defendant.

21. On June 13, 2025, Plaintiff received an unsolicited text from crash help.com.

22. On June 16, 2025, Plaintiff received an unsolicited call from crash help.com.

23. The text and call marketed Defendant's legal services. Plaintiff engaged with the caller and received an email from Defendant.

24. Plaintiff did not give his prior express written consent to receive any of the alleged calls.

25. None of the alleged calls or texts were made to Plaintiff for emergency purposes.

26. Defendant is not registered pursuant to § 302.101 of the Texas Bus. & Com. Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain any registration by Defendant.

27. Defendant does not qualify for an exemption under § 302.053.

28. Plaintiff was harmed by the call and text because they were frustrating, obnoxious, and annoying. The calls also depleted Plaintiff's cell phone battery and prevented Plaintiff from otherwise using his telephone for lawful purposes.

## CLASS ALLEGATIONS

29. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and a class and subclass defined as follows:

> **TCPA Class**. All persons in the United States who: (1) within 4 years prior to the filing of the Complaint (2) Defendant sent at least two calls or messages;
>
> **Texas Class**. All persons residing in Texas who (1) within 4 years prior to the filing of the Complaint (2) Defendant sent at least two calls or messages;

30. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

31. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant sent text messages and placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

32. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited calls and texts.

33. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

34. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

i. Whether Defendant sent texts and placed calls to Plaintiff and the class;

ii. Whether Defendant's communications were solicitations;

iii. Whether Defendant obtained prior express written consent;

iv. Whether Defendant's conduct was *willing* and/or *knowing*;

v. Whether the Court should treble damages based on the knowingness or willfulness of Defendant's conduct.

36. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
Violation of 47 U.S.C. § 227(c)
Telephone Consumer Protection Act
(On behalf of Plaintiff and the TCPA Class)

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. The telephone numbers of Plaintiff and the Class are registered on the Do Not Call Registry.

39. Defendant placed unsolicited phone calls and sent unsolicited text messages to Plaintiff's and the Class members' DNC-registered telephones without having their prior written consent to do so.

40. Defendant's actions constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting residential telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

41. Defendant's phone calls and text messages were made for the purpose of selling legal services.

42. Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

43. Plaintiff also seeks a permanent injunction prohibiting Defendant from making telemarketing solicitations to residential telephone numbers listed on the Federal Government's National Do Not Call Registry.

**SECOND CAUSE OF ACTION**
Violation of Texas Bus. & Com. Code § 305.053
Texas State TCPA Law
(On behalf of Plaintiff and the Texas Class)

44. Texas Bus. & Com. Code § 305.053 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a regulation adopted under that provision ... against the person who originates the communication[.]" Tex. Bus. & Com. Code § 305.053(a).

45. Therefore, the elements of a § 305.053 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021).

46. Plaintiff is entitled to an award of at least $500 in damages for each such violation under § 305.053(b)(1).

47. Plaintiff also requests the Court award treble damages based on Defendant's knowing and/or intentional violations under § 305.053(c)(1).

48. Plaintiff also seeks a permanent injunction requiring Defendant to cease placing illegal telemarketing calls and text messages.

**THIRD CAUSE OF ACTION**
Violation of Texas Bus. & Com. Code § 302.101
Failure to Obtain Texas Registration Certificate
(On behalf of Plaintiff and the Texas Class)

49. Texas Bus. & Com. Code § 302.101 require telemarketers to obtain a registration certificate ... for the business location from which the solicitation is made.

50. Texas Bus. & Com. Code § 302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

51. Plaintiff may exercise a private right of action under Tex. Bus. & Com. Code § 17.50.

52. Plaintiff and the class seek an award of $5,000 per violation.

53. Plaintiff seeks a permanent injunction requiring Defendant to cease placing telemarketing calls and text messages to residents of Texas without a registration certificate.

**FOURTH CAUSE OF ACTION**
Violation of 82.0651 Civil Liability for Prohibited Barratry
(On Behalf of Plaintiff and the Texas Subclass)

54. Plaintiff realleges the preceding paragraphs and incorporates them herein as if set forth here in full.

55. This cause of action arises under Tex. Gov't Code § 82.0651, which allows a person to recover damages from illegal barratry.

56. Barratry is the solicitation of employment to prosecute or defend a claim with the intent to obtain a personal benefit. *State Bar of Tex. V. Kilpatrick*, 874 S. W.2d 656, 658 n.2 (Tex.1994).

57. Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct, is entitled "Prohibited Solicitations and Payments."

58. Rule 7.03 provides, in relevant part, as follows:

> (a) A lawyer shall not by in-person contact, or by regulated telephone or other electronic contact as defined in paragraph (f) seek professional employment concerning a matter arising out of a particular occurrence or event, or series of occurrences or events, from a prospective client or nonclient who has not sought the lawyer's advice regarding employment or with whom the lawyer has no family or past or present attorney-client relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain....
>
> As used in paragraph (a), "regulated telephone or other electronic contact" means any electronic communication initiated by a lawyer or by any person acting on behalf of a lawyer or law firm that will result in the person contacted communicating in a live, interactive manner with any other person by telephone or other electronic means. *Id.* R. 7.03(a), (f)

59. A lawyer shall not send, or deliver, or knowingly cause another person to send, deliver, or transmit, a communication that involves coercion, duress, overreaching, intimidation, or undue influence.

60. Plaintiff was solicited for legal services by Defendant. Plaintiff did not initiate communication with Defendant.

61. Plaintiff was targeted by Defendant despite not having a preexisting relationship with Defendant.

62. Defendant's conduct violated at least Section 38.12(b) of the Penal Code and Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct.

63. Plaintiff was solicited on behalf of Defendant so that Defendant would benefit financially.

64. Defendant knew or should have known that its authorization to tele-solicit clients was in violation of Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct and Section 38.12(b) of the Texas Penal Code.

65. Defendant violated Texas Penal Code § 38.12 when it solicited employment for itself by telephone to obtain economic benefit. Penal Code 38.12(a)(2) Barratry and Solicitation of Professional Employment.

66. Defendant violated Texas Penal Code § 38.12 when it with intent to obtain professional employment used coercion, duress, fraud, intimidation, misleading, deceptive, and false claims. Penal Code 38.12(d)(1)(2)(E-F) Barratry and Solicitation of Professional Employment.

67. A person who was solicited by conduct violating Section 38.12 (Barratry and Solicitation of Professional Employment) (a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, but who did not enter into a contract as a result of that conduct, may file a civil action against any person who committed barratry.

68. A person who prevails under Subsection (c) shall recover from each person who engaged in barratry: (1) A penalty in the amount of $10,000; (2) actual damages caused by the prohibited conduct; and (3) reasonable and necessary attorney's fees.

69. Accordingly, Plaintiff seeks statutory damages, actual damages, and attorney's fees as permitted by Texas law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate § 227(c) of the TCPA;

C. An order declaring that Defendant's actions, as set out above, violate TCPA *willfully* and *knowingly*;

D. An order declaring that Defendant's actions, as set out above, violate Texas Bus. & Com. Code § 305.053;

E. An order declaring that Defendant's actions, as set out above, violate Texas Bus. & Com. Code § 302.101;

F. An order awarding $5,000 per violation under Texas Bus. & Com. Code § 302.101.

G. An order awarding trebling damages to $1,500 per violation under 47 U.S.C. § 227(b)(3) and § 305.053(c)(1);

H. An order declaring that Defendant's actions, as set out above, violate Section 38.12(b) of the Penal Code and Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct.

I. An award of $10,000 in statutory damages arising from violations of Section 38.12(b) of the Penal Code and Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct;

J. An injunction requiring Defendant to cease all unlawful calls;

K. An award of damages, including punitive damages, costs, and such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: August 26, 2025

Respectfully submitted,

**JAVITCH LAW OFFICE**

By: /s/ Mark L. Javitch

Mark L. Javitch, Esq. (CA 323729)*
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000

Facsimile: (650) 648-0705
Email: mark@javitchlawoffice.com

Attorneys for Plaintiff
*and the Putative Class*
**pending pro hac vice admission*