Mark L. Javitch (CA 323729)*
Javitch Law Office
3 East Third Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
*Admitted Pro Hac Vice

*Attorney for Plaintiff*
And those similarly situated

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ADEAN HILL, JR., individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICE OF JONATHAN C FRANK & ASSOCIATES, PLLC,<br><br>Defendant. | Civil Action No.: 4:25-cv-00939-JCB<br><br>**PLAINTIFF'S MOTION FOR SPECIFIC EARLY DISCOVERY** |

Pursuant to the Court's October 3, 2025 Order (Dkt. 9), Plaintiff hereby moves for Leave to Conduct the Specific Discovery in Exhibits A-C.

In most putative class actions, "'a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action.'" *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) (emphasis added) (quoting *Pittman v. E.I. du Pont de Nemours & Co*., 552 F.2d 149, 150 (5th Cir 1977)); *Martin v. Khaylie Hazel Yearning LLC*, No. 22-cv-176, 2022 WL 17573424, at *2 (N.D. Miss. Dec. 9, 2022) (citation omitted).

Plaintiff seeks statutory damages for all the illegal phone calls placed by Defendant to Plaintiff and the putative class members. These all constitute violations of 47 U.S.C. § 227(c) and Texas Bus. & Com. Code §§ 302.101, 305.053, and Gov't Code § 82.0651, warranting an award of statutory damages.

Plaintiff seeks to identify the victims in the putative classes. Plaintiff alleges that he was contacted by Crashhelp.com Dkt. 1 ("Compl.") ¶¶ 21-22. After engaging with the caller, Plaintiff received an email from Defendant. *Id*. at 23. Therefore, Plaintiff seeks the identity of the class, including leads identified by Crashhelp.com and transferred to Defendant. In order to accomplish this, Plaintiff requests to send the following three subpoenas for documents and deposition testimony. *See* Exhibits A-C. These questions to the defendant and its lead vendor regarding the identity of the class, calling records, and consent records are common discovery within the scope that are also relevant and proportional to the needs of the case in TCPA actions. *See, e.g., Thomas v. Fin. Corp. of Am*., No. 3:19-cv-152-E-BK, 2019 U.S. Dist. LEXIS 176892, 2019 WL 5157022, at *2 (N.D. Tex. Oct. 10, 2019) (finding information regarding call lists and call data in putative TCPA class action was relevant and proportional to class certification issues such as numerosity, commonality, and typicality). For the foregoing reasons, Plaintiff requests that the Court grant Plaintiff leave to send the attached subpoenas.

Dated: October 15, 2025             Respectfully submitted,

**JAVITCH LAW OFFICE**

By: /s/ Mark L. Javitch
Mark L. Javitch (CA 323729)
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
Email: mark@javitchlawoffice.com

Attorney for Plaintiff
*and the Putative Class*

# CERTIFICATE OF SERVICE

On the date stated below, I filed this document electronically with the United States District Court for the Eastern District of Texas CM/ECF system.

Notification was therefore automatically sent through the CM/ECF system to:

- United States District Court for the Eastern District of Texas

I declare under penalty of perjury that the foregoing is true and correct. Executed on the date stated below in San Mateo County, California.

Date: October 15, 2025        By: /s/ Mark L. Javitch
                                  Mark L. Javitch